UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

KELLY REYES, individually and on behalf
of all others similarly situated,

       Plaintiff,

vs.

GENERAL NUTRITION CORPORATION,
a Foreign Profit Corporation,
GENERAL NUTRITION CENTERS, INC.,
and GNC HOLDINGS, INC.

       Defendants.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, Kelly Reyes, on behalf of herself and all other similarly situated nationwide, hereby files this Class Action Complaint against Defendant General Nutrition Corporation, General Nutrition Centers, Inc., and GNC Holdings, Inc. (collectively, "GNC" or "Defendants") for the purchase of mislabeled herbal supplements. In support thereof, Plaintiff states as follows:

### PARTIES

1.       Plaintiff, Kelly Reyes, is a resident of Miami-Dade County, Florida who has purchased from Defendants, in Miami-Dade County, their: i) GNC Herbal Plus Gingko Biloba; ii) GNC Herbal Plus St. John's Wort; iii) GNC Herbal Plus Ginseng; and iv) GNC Herbal Plus Echinacea, (hereinafter referred to as the "Mislabeled Products"). The Mislabeled Products were adulterated and mislabeled because they failed to contain the medicinal herbs that the Defendants represented on the label as ingredients contained therein.

WEIL QUARANTA MCGOVERN P.A.

**Southeast Financial Center 200 S. Biscayne Blvd. Suite 900 Miami, FL 33101
T: (305) 372-5352   F: (305) 372-5355**

2.      Defendant, General Nutrition Corporation, is a Pennsylvania corporation with its principal place of business at 300 Sixth Ave., Pittsburgh, Pennsylvania and doing business in the State of Florida.

3.      Defendant, General Nutrition Centers, Inc., is a Pennsylvania corporation with its principal place of business at 300 Sixth Ave., Pittsburgh, Pennsylvania and doing business in the State of Florida.

4.      Defendant, GNC Holdings, Inc., is a Pennsylvania corporation with its principal place of business at 300 Sixth Ave., Pittsburgh, Pennsylvania and doing business in the State of Florida.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because a member of Plaintiff class is a citizen of Florida and Defendants are citizens of Pennsylvania, there are certainly 100 or more class members, and the aggregate amount in controversy will exceed $5,000,000.

6.      The Court has personal jurisdiction over Defendants because a substantial portion of the alleged wrongdoing occurred in Florida. Defendants also have sufficient minimum contacts with Florida and has otherwise intentionally availed itself of the markets in Florida through the promotion, marketing, and sale of products sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District, a substantial part of the property that is the

WEIL QUARANTA MCGOVERN P.A.

**Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33101
T: (305) 372-5352   F: (305) 372-5355**

subject of this action is situated in this District, and Defendants are subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

8.      GNC has manufactured, labeled and sold, during the Class Period, GNC "Herbal Plus" brand dietary supplement products: i) GNC Herbal Plus Gingko Biloba; ii) GNC Herbal Plus St. John's Wort; iii) GNC Herbal Plus Ginseng: and iv) GNC Herbal Plus Echinacea defined herein as "Mislabeled Products."

9.      The packaging of the Mislabeled Products conspicuously identified the principal herbal dietary ingredients as "Gingko Biloba," "St. John's Wort," "Ginseng" and "Echinacea" which would lead a reasonable purchaser to believe the products contained those ingredients.

10.      Defendants' herbal supplements are not what they purport to be. GNC "Herbal Plus" Gingko Biloba contains oryza (rice) and/or allium (garlic), among other substances, but no Ginko Biloba; GNC "Herbal Plus" St. John's Wort contains oryza, allium, and/or dracaena but no St. John's Wort, as Defendants purport; GNC "Herbal Plus" Ginseng contains, among other substances, oryza, dracaena, and/or pinus strobus but no Ginseng; and GNC "Herbal Plus" Echinacea contains pine and/or ranunculaceae, or no plant substances at all, but contains no Echinacea as Defendants purport.

11.      GNCs' products are not medicinal herbal supplements as they claim. Instead the supplements fail to contain any of the active ingredients represented by both the products' names and label. As such, the supplements Defendants sell their customers are a sham.

WEIL QUARANTA MCGOVERN P.A.

Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355

12.        On February 2, 2015, New York Attorney General Eric T. Schneiderman sent a demand letter to GNC Holdings ordering GNC to immediately cease and desist engaging in the sale of adulterated and mislabeled herbal dietary supplements.  These products included the Mislabeled Products.  The Mislabeled Products either could not be verified to contain the labeled substance, or which were found to contain ingredients not listed on the labels. The letter came after DNA testing, performed by the Attorney General's Office, revealed that all of the products purchased by Plaintiff in this cause tested negative for the ingredient listed on the front of the package.

13.        A reasonable purchaser would believe that Defendants' products contained the ingredients listed on their labels.

14.        A reasonable purchaser would believe that Defendants' GNC "Herbal Plus" Gingko Biloba actually contained Gingko Biloba.

15.        A reasonable purchaser would believe that Defendants' GNC "Herbal Plus" St. John's Wort, in fact, contained St. John's Wort.

16.        A reasonable purchaser would believe that Defendants' GNC "Herbal Plus" Ginseng, in fact, contained Ginseng.

17.        A reasonable purchaser would believe that Defendants' GNC "Herbal Plus" Echinacea, in fact, contained Echinacea.

18.        Defendants' deceptive labeling remains false and misleading and designed to increase sales of the products at issue.

WEIL QUARANTA MCGOVERN P.A.

**Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131**
**T: (305) 372-5352   F: (305) 372-5355**

19.     The Mislabeled Products fail to contain the principal herbal dietary ingredients represented on the products' labels: "Gingko Biloba," "St. John's Wort," "Ginseng" and "Echinacea."

20.     GNC deceptively manufactured, labeled and sold the Mislabeled Products. The Mislabeled Products, having no monetary value, remain worthless.

21.     Plaintiff and the Class have been damaged by Defendants' false and deceptive labeling on the Mislabeled Products. Plaintiff and the Class are entitled to a return of the full purchase price paid for Mislabeled Products, which are in fact worthless.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action as a class action pursuant to the Federal Rule of Civil Procedure 23 on behalf of the following class:

> All persons who purchased GNC Herbal Plus Gingko Biloba, GNC Herbal Plus St. John's Wort, GNC Herbal Plus Ginseng and GNC Herbal Plus Echinacea in the United States, since the filing of this Complaint, or depending upon discovery, an earlier date. (the "Class").

Collectively, all these persons will be referred to as "Plaintiffs" or "Plaintiff Class."

23.    Excluded from the Plaintiff Class are:

A.     Defendants and any entities in which Defendants have a controlling interest;

B.     Any entities in which Defendants' officers, directors, or employees are employed and any of the legal representatives, heirs, successors or assigns of Defendants;

---

WEIL QUARANTA MCGOVERN P.A.

**Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33101**
**T: (305) 372-5352    F: (305) 372-5355**

C.      The Judge to whom this case is assigned and any member of the Judge's immediate family;

D.      All persons or entities that properly execute and timely file a request fo exclusion from the Class.

24.      Plaintiffs reserve the right to modify the Class definitions after discovery and at any time up to and including trial.

25.      The action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a)(1-4) and (b)(1).

26.      The Class is so numerous that the individual joinder of all its members, in this or any action, is impracticable. The exact number or identification of the Class members is presently unknown to Plaintiffs, but it is believed that Class members number at least in the thousands. The identify of Class members is ascertainable.  Class members number may be informed of the pendency of this Class action by a combination of direct mail and public notice, or other means.

27.      Common question of fact and law exist as to all members of the Class, which predominate over questions affecting only individual members of the Class.  These include, but are not limited to the following:

a.      Whether Defendants engaged in unlawful, unfair or deceptive business practices by failing to properly label its products it sold to consumers;

b.      Whether the products at issue were mislabeled as a matter of law;

WEIL QUARANTA MCGOVERN P.A.

**Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355**

c.      Whether Defendants made unlawful and misleading herbal representations and warranties with respect to its products sold to consumers;

d.      Whether Defendants violated the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201, *et. seq.*);

e.      Whether Defendants breached its implied warranty of merchantability;

f.      Whether Defendants breached its express warranties;

g.      Whether Defendants were negligent in its labeling and advertising of the Purchased Products;

h.      Whether Defendants unlawfully sold the Mislabeled Products in violation of the laws of Florida;

i.      Whether Defendants' unlawful, unfair and deceptive practices harmed Plaintiff and the Class;

j.      Whether Plaintiff and the Class have been damaged by the unlawful actions of the Defendants and the amount of damages to the Class;

k.      Whether Defendants were unjustly enriched by its deceptive practices;

l.      Whether punitive damages should be awarded; and

m.      Whether Defendants should be enjoined from continuing the conduct complained of herein.

28.      Plaintiffs' claims are typical of the claims of the members of each Class because Plaintiff bought Defendants' Mislabeled Products during the Class Period. Plaintiffs are asserting the same rights, making the same claims, and seeking the same relief for themselves

WEIL QUARANTA MCGOVERN P.A.

Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355

and for all other class members. Defendants' unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and each Class Member sustained similar injuries arising out of Defendants' conduct in violation of Florida law.

29.      The injuries of each member of each Class were caused directly by Defendants' wrongful conduct. The factual underpinning of Defendants' misconduct is common to all Class members of each class and represents a common thread of misconduct resulting in injury to all members of each Class. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of each member of the Class and are based on the same legal theories.

30.      Plaintiffs are adequate representative of the Plaintiff Class because Plaintiffs are members of the Plaintiff Class and Plaintiffs' interests do not conflict with the interests of the members of the Class that Plaintiff seeks to represent.  Plaintiffs are represented by experienced and able counsel who have litigated numerous class actions, and Plaintiffs' counsel intends to prosecute this action vigorously for the benefit of the entire Plaintiff Class. Plaintiffs and Plaintiffs' counsel can fairly and adequately protect the interests of the members of the members of the Plaintiff Class.

31.      The class action is the best available method for the efficient adjudication of this litigation because individual litigation of the Plaintiff Class claims would be impracticable and individual litigation would be unduly burdensome to the courts. Individual litigation has the potential to result in inconsistent or contradictory judgments. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of

WEIL QUARANTA MCGOVERN P.A.

Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355

scale, and comprehensive supervision by a single court. As the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

## <u>CAUSES OF ACTION</u>

### FIRST CAUSE OF ACTION
### (Violation of Florida's Deceptive and Unfair Trade Practices Act
### Fla. Stat. §§ 501.201, *et seq*.)

32.　　　Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 31 above.

33.　　　Defendants' conduct constitutes unlawful deceptive and unconscionable trade practices. Defendants' conduct was consumer-oriented and this conduct had broad impact on consumers at large. Defendants engaged in false, misleading and unlawful advertising, marketing and labeling of Defendants' Mislabeled Products. Defendants' manufacturing, distribution and sale of Defendants' Mislabeled Products were similarly unlawful.

34.　　　Defendants unlawfully sold Defendants' Mislabeled Products in Florida during the Class Period.

35.　　　As fully alleged above, by advertising, marketing, distributing and selling mislabeled and mislabeled Defendants' Mislabeled Products to Plaintiff and other members of

WEIL QUARANTA McGOVERN P.A.

**Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355**

the Class who purchased Defendants' Mislabeled Products in Florida, Defendants engaged in, and continue to engage in, unlawful deceptive and unconscionable trade practices.

36.        Defendants' misleading marketing, advertising, packaging and labeling of Defendants' Mislabeled Products were likely to deceive reasonable consumers.

37.        Plaintiff and other members of the Class who purchased Defendants' Mislabeled Products in Florida were deceived.

38.        Defendants have engaged in unlawful deceptive and unconscionable trade practices.

39.        Plaintiff and other members of the Class who purchased Defendants' Mislabeled Products in Florida were injured by Defendants' unlawful deceptive and unconscionable trade practices.

40.        Plaintiff and other members of the Class who purchased Defendants' Mislabeled Products in Florida were injured as a result of Defendants' unlawful deceptive and unconscionable trade practices.

41.        Defendants sold to Plaintiff and the members of the Class who purchased Defendants' Mislabeled Products in Florida, a product that had no economic value. Defendants' violation of Fla. Stat. § 501.201, *et. seq.* remains ongoing.

42.        As a direct and proximate cause of Defendants' violation of Fla. Stat. § 501.201, *et. seq.*, Plaintiff and the members of the Class who purchased Defendants' Mislabeled Products in Florida were injured when they paid for these illegal and worthless products. Plaintiff and the members of the Class who purchased Defendants' Mislabeled Products in Florida have been damaged in an amount to be determined at trial.

WEIL QUARANTA MCGOVERN P.A.

Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355

43.     As a result of Defendants' unlawful deceptive and unconscionable trade practices, Plaintiff and the members of the Class who purchased Defendants' Mislabeled Products in Florida, pursuant to Fla. Stat. § 501.201, *et. seq*., are entitled to damages and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to Plaintiff and the members of the Class who purchased Defendants' Mislabeled Products in Florida any money paid for Defendants' Mislabeled Products.

44.     The conduct described above constitutes unfair or deceptive trade practices predominately and substantially affecting the conduct of trade or commerce throughout the United States in violation of the Florida Deceptive and Unfair Trade Practice Act, Fla. Stat. § 501.201, *et. seq.*, and other similar state statutes prohibiting unfair and deceptive acts and practices (collectively "DUTPA").

45.     The Defendants' deceptive trade practices are the proximate cause of the Plaintiff and the members of the class having suffered damages in an amount to be proven at trial.

46.     Defendants' conduct complained of herein renders it liable under the other states' DUTPAs for damages for the consequences of such conduct.

47.     Defendants' actions were willful, wanton, malicious, and in total disregard for the rights of the Plaintiff and Class Members. Defendants knew or should have known, in light of the surrounding circumstances that their conduct in violation of states' Deceptive and Unfair Trade Practices Acts would naturally and probably result in damages to Plaintiff and Class Members. Defendants continued its wrongful conduct with malice or in reckless disregard of the consequences, from which malice may be inferred. Further, Defendants intentionally

WEIL QUARANTA MCGOVERN P.A.

Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355

pursued its course of conduct for the purpose of causing Plaintiff and Class Members damages. Punitive damages should be awarded to deter the actions of Defendants and others who might engage in similar action or conduct.

48.     Plaintiff and Class Members are entitled to any and all penalties and/or multipliers of damages as may be provided for in the states' DUTPAs.

49.     Plaintiff and Class Members are entitled to an injunction enjoining the Defendants from further deceptive and unfair trade practices in connection with the sale of the Mislabeled Products.

50.     Plaintiff and Class Members are entitled to an award of reasonable attorneys' fees, costs of this action, plus pre and post judgment interest as may be allowed by law.

WHEREFORE, based upon the foregoing, Plaintiff and Class Members are entitled to compensatory damages, disgorgement of unjust profits, restitution, recission and/or an injunction enjoining such unfair trade practices, along with prejudgment interest, statutory attorneys' fees, court costs and any other remedy this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

51.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 31 above.

52.     As a result of Defendants' unlawful and deceptive actions described above, Defendants were enriched at the expense of Plaintiff and the Class through the payment of the purchase price for the Mislabeled Products.

53.     Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from the Plaintiff and the

WEIL QUARANTA MCGOVERN P.A.

Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355

Class, in light of the fact that the Mislabeled Products purchased by Plaintiff and the Class were illegal products and were not what Defendants represented them to be. Thus, it would be unjust and inequitable for Defendants to retain the benefit without restitution to the Plaintiff and the Class for the monies paid to Defendants for the Mislabeled Products.

### THIRD CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

54.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 31 above.

55.    Implied in the purchase of the Mislabeled Products by Plaintiff and the Class is the warranty that the purchased products are legal and can be lawfully sold and possessed.

56.    Defendants reasonably knew or should have known those Mislabeled Products were unlawful for sale.

57.    When Defendants sold these products they impliedly warranted that the products were legal and could be lawfully possessed and/or sold and therefore, merchantable.

58.    No reasonable consumer would knowingly purchase a product that is illegal to own or possess.

59.    The purchased Mislabeled Products were unfit for the ordinary purpose for which they were intended.

60.    In fact, this Mislabeled Products were illegal, mislabeled, and economically worthless.

61.    As a result, Plaintiff and the Class were injured through their purchase of unsuitable, useless, illegal and unsellable products.

WEIL QUARANTA MCGOVERN P.A.

Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355

62.     By reason of the foregoing, Plaintiff and the Class were damaged in the amount they paid for Mislabeled Products.

### FOURTH CAUSE OF ACTION
### (Breach of Express Warranty)

63.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 31 above.

64.     Defendants' representations of fact and/or promises on the labels relating to their Mislabeled Products created express written warranties that the product would conform to Defendants' representation of fact and/or promises.

65.     The Defendants' description of the ingredients on the labeling of their Mislabeled Products became part of the basis of the bargain, creating express written warranties that the product purchased by Plaintiff and the other Class Members would conform to Defendants' description and specification. The Mislabeled Products purchased by Plaintiff did not so conform.

66.     Defendants provided warranties that its Mislabeled Products were labeled in compliance with state law and were not mislabeled under state law. Defendants breached these express written warranties.

67.     As a result of the foregoing, Plaintiff and the other Class Members have suffered damages, in that the value of the product they purchased was less than warranted by Defendant.

68.     Defendants engaged in a scheme of offering the Mislabeled Products for sale to Plaintiff and members of the Class by way of, inter alia, false and misleading product packaging and labeling.

WEIL QUARANTA McGOVERN P.A.

Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355

69.     Plaintiff and the Class were the intended beneficiaries of such representations and warranties.

70.     Plaintiff asserts this cause of action for violations of Florida law pertaining to express warranties. Plaintiff and the Class were injured as a result of Defendants' breach of their express warranties about the Mislabeled Products. Plaintiff and the Class are entitled to damages arising from the breach of warranty.

### FIFTH CAUSE OF ACTION
### (Negligence)

71.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 31 above.

72.     In making representations of fact to Plaintiff and the other Class members about their Mislabeled Products, Defendants failed to lawfully label or advertise their Mislabeled Products and violated their duties to disclose the material facts alleged above. Among the direct and proximate causes of said failure to disclose were the negligence and carelessness of Defendant.

73.     Plaintiff and the other Class members, as a direct and proximate cause of Defendants' breaches of their duties, reasonably relied upon such representations to their detriment. By reason thereof, Plaintiff and the other Class members have suffered damages.

74.     As described above, Defendants' actions violated a number of express statutory provisions designed to protect Plaintiff and the Class. Defendants' illegal actions constitute negligence per se. Moreover, the statutory food labeling and misbranding provisions violated by Defendants are strict liability provisions.

WEIL QUARANTA McGOVERN P.A.

Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355

75.       As alleged above, Plaintiff and the Class were injured by Defendants' unlawful actions and are entitled to recover an amount to be determined at trial due to the injuries and loss they suffered as a result of Defendants' negligence.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all claims in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for judgment against Defendants as follows:

A.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, and finding that Plaintiff is a proper representative of the Class;

B.  Actual and/or compensatory damages and/or the recovery of civil penalties as provided by Fla. Stat. § 501.2075 and/or an award equal to the amount by which the Defendants have been unjustly enriched;

C.  An order awarding pre-judgment and post-judgment interest;

D.  The costs of this proceeding and attorneys' fees, as provided by Fla. Stat. § 501.2105;

E.  Punitive damages in an appropriate amount;

F.  An order permanently enjoining Defendants from continuing their unfair and/or deceptive conduct; and

G.  Any further compensatory, injunctive, equitable or declaratory relief including refunds as may be just and proper.

WEIL QUARANTA MCGOVERN P.A.

**Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131
T: (305) 372-5352   F: (305) 372-5355**

Dated:  February 9, 2015.

Respectfully submitted,

_/s/ Theodore Babbitt_

Theodore Babbitt
Fla. Bar No. 091146
**Babbitt Johnson Osborne**
**& LeClainche, P.A.**
1641 Worthington Road
Suite 100 (33049)
P.O. Box 4426
West Palm Beach, FL 33402-4426
T: (561)684-2500
F: (561) 684-6308
tedbabbitt@babbitt-johnson.com

_/s/ Ronald P. Weil_

Ronald P. Weil
Fla. Bar No. 169966
Ronald@wqmlaw.net
John M. Quaranta
Fla. Bar No. 940641
John@wqmlaw.net
Wendi L. Ribaudo
Fla. Bar No. 091976
Wribaudo@wqmlaw.net

**WEIL QUARANTA MCGOVERN, P.A.**
200 South Biscayne Boulevard
Southeast Financial Center, Suite 900
Miami, Florida 33131
T: (305) 372-5352
F: (305) 372-5355

_**Attorneys for Plaintiff**_

WEIL QUARANTA MCGOVERN P.A.

**Southeast Financial Center 200 S. Biscayne Blvd.  Suite 900 Miami, FL 33131**
**T: (305) 372-5352   F: (305) 372-5355**